IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                          No. CR 12-0128 JB

BENITO CASTILLO-NAVA,

    Defendant.

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on the Sealed Objections to the Pre-Sentence Investigation Report and Request for a Downward Departure or Variance Submitted on Behalf of Defendant Benito Castillo-Nava, filed July 12, 2017 (Doc. 913)("Objections"). The primary issue is whether a 2-level dangerous-weapon enhancement under U.S.S.G. § 2D1.1(b)(1) is appropriate solely because Defendant Benito Castillo-Nava offered, to the leader of a drug-trafficking organization, to satisfy a drug debt by delivering five firearms to the organization. The Court concludes that such an enhancement is not appropriate and sustains the Objections.

## FACTUAL BACKGROUND

In March 2011, Drug Enforcement Agency ("DEA") agents began actively investigating a drug-trafficking organization based in Albuquerque, New Mexico. In that month, the organization purchased forty firearms from undercover agents. After the ensuing arrests on firearm charges, the DEA further investigated the organization, and it determined that the

---

[1] In its Sealed Memorandum Opinion and Order, filed November 27, 2017 (Doc. 925)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties fourteen calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in its unsealed form.

organization's activities were facilitated though the use of ever-changing cellular telephones and telephone numbers.  DEA agents secured court-authorized wiretaps on four cellular telephones owned by the organization's leader, Homero Varela.

Those wiretaps intercepted ten pertinent telephone calls between Varela and Castillo-Nava.  In a call that occurred on August 25, 2011, Varela and Castillo-Nava discussed cocaine trafficking and the price of cocaine in El Paso, Texas.  In addition, in another intercepted call, Varela and Castillo-Nava discussed numerous firearms -- including an AK-47, a Glock 9 handgun, an Uzi fitted with a silencer, and two unsilenced Uzis -- that Castillo-Nova offered as payment for a dug debt.  Based on the intercepted telephone calls, the DEA determined that Castillo-Nava was a facilitator of drug transactions for the Varela organizations and that those transactions accounted for one kilogram of cocaine.

## PROCEDURAL BACKGROUND

On January 24, 2012, Castillo-Nava was indicted for conspiracy to distribute a controlled substance and use of a telephone to facilitate a drug trafficking offense.  See Indictment at 2, 9, filed January 24, 2012 (Doc. 1).  At approximately 6:30 a.m. on January 26, 2012, DEA agents and other law-enforcement personnel arrested Castillo-Nava at his residence without incident.  On February 25, 2015, Castillo-Nava was charged with Misprision of a Felony, an offense defined by 18 U.S.C. § 4.  See Information at 1, filed February 25, 2015 (Doc. 737).  Castillo-Nava pled guilty and indicated:

> Beginning in or about May 2011, and continuing until on or about January 2012, in Bernalillo County, in the State and District of New Mexico, and elsewhere, the Defendant, Benito Castillo-Nava, having knowledge of the actual commission of a felony, to wit: a federal felony offense, did conceal the same and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

Plea Agreement ¶ 7, at 3, filed February 25, 2015 (Doc. 740)("Plea Agreement").  Castillo-Nava

waived his right to appeal a conviction and any sentence imposed except to the extent that the Court may vary upward from the advisory sentencing guideline range as the Court determines the range. See Plea Agreement ¶ 13, at 5-6.

The United States Probation Office ("USPO") determines that Castillo-Nava's base offense level for the underlying offense of conspiracy to distribute controlled substances is 24. See Presentence Investigation Report ¶ 91, at 27-28 ("PSR"). The USPO applies a 2-level enhancement for possession of a dangerous weapon, because Castillo-Nava discussed both firearms and drug trafficking in the intercepted telephone calls. See U.S.S.G. § 2D1.1(b)(1). The USPO then applies a 9-level reduction, because Castillo-Nava's conviction is for misprision of the underlying offense -- conspiracy to distribute controlled substances -- and not for committing the underlying offense, see U.S.S.G. § 2X4.1(a), and a 3-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1. The USPO thus calculates a total offense level of 14. With a criminal history score of 0, the USPO determines that Castillo-Nava has a criminal history category of I. See PSR ¶¶ 105-06, at 30. Based on Castillo-Nava's total offense level and criminal history category, the USPO concluded that the guideline imprisonment range is 15 to 21 months.

In his Objections, Castillo-Nava challenges the 2-level dangerous-weapon enhancement that the PSR applies. See Objections ¶ 12, at 3. He also argues that the USPO erroneously fails to grant him a 2-level safety-valve reduction even though Castillo-Nava meets the eligibility requirements under 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2. Castillo-Nava therefore maintains that the USPO should calculate his total offense level as 10, which would result in a guidelines range of 6 to 12 months. See Objections at 4.

Castillo-Nava argues that the firearms enhancement is inappropriate, because the Court

"should not consider the unconvicted conduct relating to Mr. Castillo-Nava in determining Mr. Castillo-Nava's offense level." Objections at 5. Castillo-Nava elaborates that, because he has not been convicted for firearms possession, punishing him because of firearm possession would violate the Sixth Amendment to the Constitution of the United States of America. See Objections at 5. Castillo-Nava also argues that due process under the Fifth Amendment to the Constitution of the United States of America requires the Court to apply a heightened standard, proof beyond a reasonable doubt, instead of the ordinary preponderance of the evidence standard. See Objections at 5.

In addition to his constitutional arguments, Castillo-Nava contends that the § 2D1.1(b)(1)'s 2-level dangerous-weapon enhancement does not apply to this case. See Objections at 7. According to Castillo-Nava, the enhancement's goal is to address cases involving the presence of a dangerous weapon, so the United States must show "a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." United States v. Sallis, 533 F.3d 1218, 1225 (10th Cir. 2008). Castillo-Nava notes that no firearms were seized from his home and that the United States has produced no evidence indicating that he possessed a dangerous weapon apart from the intercepted telephone call in which Castillo-Nava discussed firearms. See Objections at 8.

As to the 2-level safety-valve reduction, Castillo-Nava invokes paragraph 5 of the Plea Agreement, which provides:

> The Defendant may be eligible for the "safety valve" provisions set forth at 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2. If the Defendant establishes eligibility for each of the elements in § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2, the Defendant would be entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and the sentence imposed could be less than any statutory minimum that would otherwise apply.

Plea Agreement ¶ 5, at 2-3. Castillo-Nava asserts that he has satisfied the five required elements,

because: (i) he has no more than one criminal history point; (ii) he did not use violence; (iii) his offense did not involve death or serious injury; (iv) he was not an organizer, leader, manager, or supervisor of others; and (v) he has been forthcoming to the United States. See Objections at 9.

In response, the United States asserts that the totality of the available information shows that Castillo-Nava was a low-level facilitator. See Government's Sealed Sentencing Memorandum and Motion for Downward Departure under U.S.S.G. § 5K1.1 at 3, filed July 20, 2017 (Doc. 915)("Response"). The United States argues that the Court should overrule Castillo-Nava's Sixth Amendment and Due Process objections, because United States v. Booker, 543 U.S. 220 (2005), permits sentence enhancements based on judicial factfinding by a preponderance of the evidence if the sentencing guidelines are applied in an advisory manner. See Response at 3 (citing United States v. Vigil, 248 F. App'x 900 (10th Cir. 2007)).

The United States maintains, however, that the facts do not support Castillo-Nava's dangerous-weapons enhancement or the denial of the safety-valve reduction, because the United States cannot prove, even by a preponderance, that a firearm -- or the increased risk of violence that attends drug traffickers' possession of weapons -- was present during Castillo-Nava's drug-trafficking offense. See Response at 4-5. Furthermore, the United States confirms that no firearms were found during Castillo-Nava's arrest and that, accordingly, the United States cannot show that firearms were found in the same location where drugs or drug paraphernalia were stored, or that there was any special relationship between a weapon, the drug-trafficking activity, and Castillo-Nava. See Response at 4-5. The United States also agrees with Castillo-Nava's argument that he is entitled to the 2-level safety-valve reduction, because the only reason why the USPO's PSR denies Castillo-Nava that reduction is the USPO's erroneous belief that the firearm enhancement applied. See Response at 5.

The United States Courts of Appeals have upheld dangerous-weapons enhancements for possession of weapons in connection with drug offenses even when the possession is only constructive and not actual. See United States v. Rea, 621 F.3d 595, 606 (7th Cir. 2010); United States v. Renteria-Saldana, 755 F.3d 856 (8th Cir. 2014). Nevertheless, U.S.S.G. § 2D1.1(b)(1) requires a showing of a temporal and spatial relationship between the weapon, the drug-trafficking activity, and the defendant. See United States v. Ruiz, 621 F.3d 390, 396 (5th Cir. 2010); United States v. Castro-Perez, 749 F.3d 1209, 1211 (10th Cir. 2014). The enhancement applies if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. See U.S.S.G. § 2D1.1. The enhancement applies if the weapon was present at any point in the offense or during relevant conduct for which the defendant is responsible. See U.S.S.G. § 1B1.3(a)(1). The Court agrees with the United States and Castillo-Nava that no firearm was recovered at the time of Castillo-Nava's arrest and that, accordingly, a 2-level dangerous-weapon enhancement is inappropriate. The Court also agrees that, because the dangerous-weapon enhancement is inappropriate, Castillo-Nava is eligible for a 2-level safety-valve reduction under 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2.

**IT IS ORDERED** that both the non-constitutional objections in the Sealed Objections to the Pre-Sentence Investigation Report and Request for a Downward Departure or Variance Submitted on Behalf of Defendant Benito Castillo-Nava, filed July 12, 2017 (Doc. 913) and United States' replies in the Government's Sealed Sentencing Memorandum and Motion for Downward Departure under U.S.S.G. § 5K1.1 at 3, filed July 20, 2017 (Doc. 915) are granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Jonathon M. Gerson
Stephen R. Kotz
Reeve L. Swainston
Cynthia L. Weisman
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Phillip G. Sapien
Sapien Law, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant*